Case 1:13-mj-01085-SAG   Document 3   Filed 05/28/13   Page 1 of 5

MAY 2 8 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

13-1085SAG

### Affidavit in Support of Seizure Warrant

### I. Purpose of the Affidavit

This Affidavit is submitted in support of an application for a seizure warrant for the contents of **Wells Fargo Bank account 7657841313 in the name of Mutum Sigillum LLC** and for $50,000 contained in **Wells Fargo Bank account 6836757515 in the name of Mark Karpeles.**

I submit that there is probable cause to believe that the contents of Wells Fargo Bank account 7657841313 in the name of Mutum Sigillum LLC were involved in transactions and attempted transactions in violation of 18 U.S.C. section 1960, and that the contents of that account are subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A). I submit that there is also probable cause to believe that $50,000 that was transferred from the **7657841313** account to the **6836757515** account constitutes property traceable to the property that is subject to seizure and forfeiture, and that $50,000 in the **6836757515** account is also subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A).

### II. Affiant

Your affiant, Shaun Bridges, is a Special Agent with the United States Secret Service (USSS). While working for the USSS your affiant has prepared and executed state and federal search and seizure warrants, seized evidence of both state and federal violations, interviewed suspects, witnesses, and informants, and evaluated evidence obtained during the course of these investigations.

### III. Applicable Statutes

18 U.S.C. section 1960
(a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.
(b) As used in this section—
    (1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and—
        (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;
        (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section; or
        (C) otherwise involves the transportation or transmission of funds that are known to the

1

defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity;

(2) the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and

(3) the term "State" means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

18 U.S.C. section 981

(a)(1) The following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property.

\* \* \*

### IV. Probable Cause

The information set forth below is based upon your affiant's review of records and upon information provided by other sworn law enforcement officers participating in this investigation. I have not included each and every fact obtained pursuant to this investigation, but have set forth those facts that I believe are essential to establish the necessary foundation for the issuance of the seizure warrant for the specified account.

A company called "Mt. Gox," is the world's largest bitcoin exchange, and it operates out of Tokyo, Japan. Mt. Gox has a subsidiary company known as "Mutum Sigillum LLC." According to bank records, Mutum Sigillum LLC holds an account at Wells Fargo Bank, N.A. The account is held in the business name Mutum Sigillum LLC, which is incorporated in the state of Delaware. According to Wells Fargo Bank records, the account was established on May 20, 2011 with the account number 7657841313 and with a single authorized signer; Mark Karpeles. According to open source information, Karpeles is the owner of Mt. Gox. According to the bank records, Karpeles is also the owner of Mutum Sigillum LLC.

As part of the account opening process, Wells Fargo required Karpeles and Mutum Sigillum LLC to complete a "Money Services Business (MSB) Accounts, Identification of an MSB Customer" form. That document was completed on May 20, 2011, and identified Mutum Sigillum LLC as a business not engaged in money services. The application asks several questions; to include, "Do you deal in or exchange currency for your customer?" and "Does your business accept funds from customers and send the funds based on customers' instructions (Money Transmitter)?" Karpeles answered these questions "no," indicating that Mutum Sigillum

LLC does not deal in or exchange money, and that it does not send funds based on customer instructions.

Money transmitting businesses are required by 31 U.S.C. section 5330 to register as such with FinCEN. According to FinCEN records on May 6, 2013, neither Mt. Gox nor the subsidiary, Mutum Sigillum LLC is registered as a Money Service Business.

Mt. Gox acts as a digital currency exchange where customers open accounts and fund their respective accounts with fiat currency, which is then exchanged into crypto-currency by Mt. Gox; the crypto-currency is known as bitcoin. Fiat currency simply refers to any money that a government has declared to be legal tender. The exchange is bidirectional and allows customers to also exchange bitcoins back into fiat currency, and then withdraw those funds. The exchange of fiat currency and bitcoins incurs a floating rate fee charged by Mt. Gox and is determined by the customer's aggregate amount of funds exchanged on a monthly basis. So, the exchange of a small amount of bitcoin would include a larger fee than a larger exchange.

An online payment processor, known as Dwolla, is located in Iowa. People can purchase bitcoin by depositing funds with Dwolla and then directing that the funds be used to make the purchase from Mt. Gox, which then maintains the registry of the ownership of the bitcoin. Bank records show a number of deposits to the Mutum Sigillum account at Wells Fargo originating from international wires sent from Sumitomo Mitsui Bank in Japan. The wires indicate that the transfer is in the name of Mt. Gox Company Ltd. for the benefit of the Mutum Sigillum LLC account **7657841313**.

After the funds are credited to that account, they are frequently disbursed to Dwolla, an online payment service for e-commerce; bank records show such transfers to Dwolla since at least in December 2011. The funds being sent to Dwolla are those of Mt. Gox customers that withdraw said funds from Mt. Gox and direct their transfer to Dwolla. A Confidential Informant (CI-1), who resides and banks in Maryland, provided information to government agents that has been corroborated. CI-1 stated that he initiated this process by establishing a new account, while in Maryland, with both Mt. Gox and Dwolla. After funding his Mt. Gox account with U.S. funds, he exchanged the currency for bitcoins. During the past six months, CI-1 exchanged the bitcoins back into U.S. dollars, which he directed Mt. Gox to transfer to Dwolla on his behalf.

According to bank records, this transfer was completed through the subsidiary, Mutum

Sigillum LLC. This demonstrates that Mutum Sigillum LLC is engaged in a money transmitting business but is not registered as required with FinCEN. Because the **7657841313** account was involved in this money transmitting activity, the contents of the account are subject to seizure and forfeiture in accordance with 18 U.S.C. section 981(a)(1)(A).

Bank records also show that nearly all of the activity in the account consists of wires between this account and Dwolla, which represent bitcoin transactions for customers. The other transactions in this account are not significant in number or amounts. Bank records indicate that the current balance in the account is in approximately $2.1 million.

Bank records also show a transfer of $50,000 in January 2012 from the **7657841313** account to a personal account at Wells Fargo in the name of Mark Karpeles with account number **6836757515**. Based on training and experience, I know that courts have held that the government can forfeit the full value of unlawful funds traced into an account, regardless of how many subsequent transactions take place, so long as the value of the account retains a balance equal to or greater than the value of the unlawful funds traced into the account; otherwise, the government may only forfeit only the lowest intermediate balance after the traced funds entered the account. United States v. Banco Cafetero Panama, 797 F.2d 1154, 1158-62 (2nd Cir. 1986). Consequently, if the balance in this account dropped below $50,000 after January 2012, then the lowest balance after that date would limit the amount that eventually can be forfeited.

## V. Conclusion

Based on the foregoing, I submit that there is probable cause to believe that the contents of Wells Fargo Bank account **7657841313** in the name of Mutum Sigillum LLC were involved in transactions and attempted transactions in violation of 18 U.S.C. section 1960, and that the contents of that account are subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A). I submit that there is also probable cause to believe that $50,000 that was transferred from the **7657841313** account to the **6836757515** account constitutes property traceable to the property that is subject to seizure and forfeiture, and that $50,000 is also subject to seizure and forfeiture pursuant to 18 U.S.C. section 981(a)(1)(A).

Shaun Bridges, Special Agent
United States Secret Service

Subscribed and sworn before me on May 9, 2013

_____
Stephanie A. Gallagher
United States Magistrate Judge